UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NANSI JUAREZ-ROBLES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:21-cv-00121-JRS-DLP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying a Certificate of Appealability**

Petitioner Nansi Robles-Juarez was convicted of conspiracy to possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count 1) and conspiracy to engage in monetary transactions in property derived from specified unlawful activity (Count 14), in case number 1:17-cr-162-JRS-MJD-2. She was sentenced to total term of imprisonment of 120 months—120 months on both Counts 1 and 14, to be served concurrently. Judgment was entered on January 14, 2019. Ms. Robles-Juarez now seeks "a downward departure" due to extraordinary family circumstances pursuant to 28 U.S.C. § 2255.

**I. Discussion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

Rule 4(b) of *Rules Governing Section 2255 Proceedings for the United States District Courts* provides:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

*Id.* That is the case here. Ms. Robles-Juarez is not entitled to any relief pursuant to § 2255 under the circumstances she alleges. She has not asserted that her sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law. Instead she seeks a sentence reduction due to family circumstances. No relief is warranted under § 2255 under these circumstances.

## II. Conclusion

The motion pursuant to § 2255 is **DENIED**. Judgment consistent with this Entry shall now issue. The clerk shall also enter this Entry on the docket in the underlying criminal action, No. 1:17-cr-162-JRS-MJD-2. The motion to vacate shall also be terminated in the underlying criminal action.

The **clerk is directed** to include a form Motion for Compassionate Release along with the petitioner's copy of this Order. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194,

5239 (2018). The petitioner may choose to file a Motion for Compassionate Release in her criminal case.

### III.  Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, she must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Ms. Robles-Juarez has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date:  1/21/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

NANSI JUAREZ-ROBLES
15873-028
ALICEVILLE FCI
FCI Aliceville
P.O. Box 4000
Aliceville, AL 35442